Filed 6/11/26  P. v. Beltran CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DANIEL VEGA BELTRAN,<br><br>        Defendant and Appellant. | A172595<br><br>(Alameda County<br>Super. Ct. No. 02-053313) |

Daniel Beltran appeals from a trial court order extending his involuntary commitment to the Department of State Hospitals by one year, until February 24, 2026, as an offender with a mental health disorder (OMHD) under Penal Code sections 2970 and 2972.  While this appeal was pending, the one-year involuntary commitment expired.  We dismiss the appeal as moot.

**I.**

**BACKGROUND[1]**

In 2003, Beltran was convicted of voluntary manslaughter and sentenced to 16 years in state prison.  In 2016, prior to release on parole,

_____

[1] Some facts and procedural history are drawn from our prior unpublished opinion, *People v. Beltran* (Oct. 29, 2024, A169936 [nonpub,

1

Beltran was committed for treatment as an OMHD. The maximum commitment date was February 24, 2022. Beltran twice stipulated to extending his commitment for an additional year. In 2023, the People petitioned to extend Beltran's commitment. In February 2024, Beltran waived his right to a jury trial and was later recommitted for another year, to February 24, 2025.[2]

In August 2024, the Alameda County District Attorney filed an additional petition for recommitment. On January 13, 2025, the court held a bench trial on the August 2024 commitment petition. The trial court found the petition true and extended Beltran's commitment to February 24, 2026.

Beltran timely appealed from the January 13, 2025 recommitment order. The case was fully briefed in January 2026, about one month before Beltran's commitment expired. At our request, the parties submitted supplemental briefs addressing whether this appeal is moot. The parties agree that this appeal is rendered moot by the Alameda County District Attorney's Office's dismissal of a subsequent petition seeking to extend Beltran's commitment as an OMHD. The Attorney General suggests, and Beltran does not dispute, no reason exists to exercise our discretion to resolve any issues otherwise rendered moot and that this appeal should be dismissed.

## II.

## DISCUSSION

A prisoner may be committed as an OMHD for involuntary treatment of a severe mental health disorder as a condition of parole if certain

---

opn.] (*Beltran I*).)  (*Pacific Gas & Electric Co. v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10.)

[2] We affirmed the extension of Beltran's commitment in *Beltran I*.

conditions are met. (Penal Code, [3]§§ 2962, subds. (a)-(f), 2966; see *People v. Allen* (2007) 42 Cal.4th 91, 99.) The commitment term is one year; before the expiration of each commitment period, the prosecution may petition to extend the commitment for an additional year. (*Allen*, at pp. 99–100; §§ 2970, 2972, subds. (a)-(c), (e).)

"[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief. [Citations.] ' "[A]n action that originally was based upon a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed." ' " (*People v. Armas* (2024) 107 Cal.App.5th 350, 353 [dismissing as moot a defendant's challenge to the trial court's finding that he violated the terms of his probation given that defendant had since completed his probation]; see *People v. Pipkin* (2018) 27 Cal.App.5th 1146, 1148 [dismissing as moot a defendant's challenge to the trial court's order recommitting him as an OMHD given that defendant's recommitment had since expired and he was "no longer subject to involuntary civil commitment"].)

"A reviewing court may exercise its inherent discretion to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review." (*People v. Alsafar* (2017) 8 Cal.App.5th 880, 883.)

Beltran challenges the now-expired order of commitment by claiming the evidence presented at trial was insufficient to support a finding that he continues to qualify as an OMHD and that he did not waive his right to a jury trial. We agree with the parties that the appeal is moot because the

---

[3] All statutory references are to the Penal Code.

challenged commitment order has expired and the subsequent commitment petition was dismissed such that Beltran is no longer subject to involuntary commitment. We also agree that we have no cause to exercise our inherent discretion to resolve any issue raised in this appeal because the issues raised relate only to the unique circumstances of Beltran's case and are not questions of continuing public importance or those capable of repetition, yet evading review.

## III.

## DISPOSITION

The appeal is dismissed as moot.

_____
Sweet, J.*

WE CONCUR:


_____
Streeter, Acting P. J.


_____
Goldman, J.


_____
     * Judge of the Superior Court of California, County of Marin, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.